Totten, J\,
delivered the opinion of the court.
This proceeding, by petition ex parte, was instituted in the chancery court, at Nashville, for the sale and conversion of 1222-^ acres of land, situated in the county of Tipton, upon the ground that it would be manifestly to the interest of the petitioner, an infant, and the owner thereof, to sell the same, and invest the fund elsewhere. A sale was ordered, and Charles Read became the purchaser, and afterwards .died. His heirs and W. B. Taylor, his administrator, petitioned the said chancery court to be released from said sale, on the ground of defect of title for want of jurisdiction in the court. The chancellor was of opinion that the sale was valid, and so decreed. Thereon, the said Taylor and others appealed.
The acts óf 1827, ch. 54, and 1829, ch. 35, authorize the sale and conversion of real estate, where such estate may be of a description that it would be manifestly for the advantage of the heirs, &c., the owners thereof, to sell the same.
And these acts provide, that suits for this purpose, *381 shall be conducted as other suits in equity, and be instituted “ in the circuit or chancery court of the eounty or district where such estate may be situatedP
Assuming that these acts are merely declaratory of the original and inherent power of a court of chancery in these respects, yet it is clear that they contain a provision on the subject of local jurisdiction, which we are not permitted to disregard.
The circuit or chancery court of the county or district where the land is situated has a local jurisdiction of the subject, to exercise all such powers, and make such decrees as it is competent for a court of equity to make in such case. The proceeding in the chancery court at Nashville, was therefore coram non judice and void.
It is not like the case, where the person of a defendant to a proceeding in equity _ gives local jurisdiction. The court proceeding in'personam, may in many cases, settle the rights of the parties, no matter where the subject of litigation may be locally situated.
The defendant, over whose person the court has acquired jurisdiction, may be compelled to do what is necessary and proper to give effect to a decree. As for instance, to execute a deed for land, beyond the limits of the State, on a bill and decree for specific performance of a contract of sale. But here the proceeding is ex parte, and there is no party to give local jurisdiction. For defect in the local jurisdiction, the sale will be decreed void, and the securities be cancelled.
The case will also be remanded for an account of such improvements as add to the permanent value of the *382 estate, for which allowance will he made, to the extent only of the rents and profits.
Decree reversed.